Keith T. Koske, Director Real Estate Commission Room 110, State Services Building 1525 Sherman Street Denver, Colorado 80203
Dear Mr. Koske: Your requests for attorney general's opinions of June 7, 1979 and June 11, 1979 were received by this office.
QUESTIONS PRESENTED AND CONCLUSIONS
Since the requests require an opinion regarding the same statute and the same exemption, we have combined the two requests. The first request asks the following: Under 12-61-Part 4, C.R.S. 1973, as amended, and as amended by Senate bill 457, must a developer of the following described subdivision fall within the jurisdiction of the Real Estate Commission and be required to register with the Real Estate Commission? An apartment or apartment complex of rental units which is converted into ten or more condominium units and each unit being sold as a residence.
My answer is "yes."
The second request has identical language except the last sentence reads:
 A condominium unit which is converted into a subdivision of timeshare estates as defined in 38-33-110 C.R.S. 1973, as amended, and each timeshare estate being sold as a residence.
My answer to question 2 is "yes".
ANALYSIS
To answer both of these questions, one must first review the following statutory materials, C.R.S. 1973, 38-32-101 etseq. and 38-33-101 et seq., (1978 Cum. Supp.), in order to determine whether condominium conversions and/or timeshare units were within the definition of C.R.S. 1973, 12-61-401et seq. (1978 repl. vol.) before the exemption contained in Senate bill 457. Since C.R.S. 1973, 38-32-101et seq. and 38-33-101 et seq., (1978 Cum. Supp.) recognize estates above surface and timeshare units and declare estates above surface to be "dealt with and treated as estates, rights, and interests in land, these type of units are within the definition of "subdivisions" in C.R.S. 1973,12-61-401 et seq., (1978 repl. vol.).
Therefore, prior to Senate Bill 457, any condominium or timeshare developer, selling the required number of units, had to register as a subdivision developer with the Real Estate Commission since they were selling "interests in land".
The exemption in Senate bill 457 (1979) states:
 (2) A developer whose subdivision is regulated by any regional, county or municipal planning commission or other governmental entity regulating subdivision pursuant to article 28 of title 30 or article 23 of title 31, C.R.S. 1973, is exempt from the registration required under subsection (1) of this section.
This language is coupled with language in the definition section defining "subdivision" as excluding any lots, parcels, tracts or interests when
 The sale, lease, or transfer of which is not regulated by a regional, county, or municipal planning commission or other governmental agency regulating subdivisions pursuant to article 28 of title 30 or article 23 of title 31, C.R.S. 1973. Senate bill 457, (1979).
Prior to 1972, the definition of "subdivision" under the county planning laws was different than that in C.R.S. 1973, 30-28-101,et seq. (1977, repl. vol. and 1978 Cum. Supp.) as was the regulatory scheme. For this reason the sale of any land which has been divided into two or more parcels has been regulated since 1972 by C.R.S. 1973, 30-28-101 et seq., (1977 repl. vol. and 1978 Cum. Supp. and is exempted by Senate bill 457 (1979).
Since 1929, the definition of "subdivision" and the regulatory scheme has been substantially similar to C.R.S. 1973, 31-23-101,et seq., (1977 repl. vol.); therefore, the sale of any land which has been divided into two or more parcels has been regulated and is exempted by Senate bill 457, (1979).
Since 1977, C.R.S. 1973, 30-28-101 et seq., (1977 repl. vol. and 1978 Cum. Supp.) has also included "condominiums, apartments, or any other multiple dwelling units,unless such land when previously subdivided was accompanied by a filing which complied with this part 1. . . ." Those units, since 1977, have been exempted by Senate bill 457 (1979).
Currently, C.R.S. 1973, 31-23-201(2), (1977 repl. vol.) does not provide a similar provision regarding "condominiums" but contains the following definition:
 The division of a lot, tract, or parcel of land into two or more lots, plats, sites, or other divisions of land for the purpose, whether immediate or future, of sale or of building development. It includes resubdivision and, when appropriate to the context, relates to the process of subdividing or to the land or territory subdivided.
Since neither C.R.S. 1973, 30-28-101 et seq., (1977 Supp. and 1978 Cum. Supp) or 31-21-101 et seq., (1977 Supp.) directly require new platting and approval when converting existing apartments to condominiums or when converting condominiums to timeshare units, there is no regulation of the sale or transfer of these units under C.R.S. 1973, 30-28-101et seq., (1977 Supp.) and 1978 Cum. Supp.) or C.R.S. 1973, 31-23-101 et seq., (1977 repl. vol.). The words "lot", "tract", "parcel" and "resubdivision" contained in C.R.S. 1973, 31-23-201(2), (1977 repl. vol.) pertain to the physical division of land which does not include the division of land into separate "interests." Since these units are not within the regulatory scheme of the county or municipal planning laws, the developer of these units would not be exempt from registration and certification under C.R.S. 1973, 12-61-401 et seq., (1978 repl. vol.).
Based upon the common meaning of the language used, the intent of the legislature, as much as is ascertainable, and the strict interpretation of criminal statutes, only those areas which are currently regulated, are exempt from the requirements of C.R.S. 12-61-401, et seq., (1978 repl. vol.).
 C.R.S. 1973, 30-28-115(1) (1977 repl. vol.), provides: Such regulations shall be designed and enacted for the purpose of promoting the health, safety, morals, convenience, order, prosperity, or welfare of the present and future inhabitants of the state, including lessening the congestion in the streets or roads or reducing the waste of excessive amounts of roads, securing safety from fire, floodwaters, and other dangers, providing adequate light and air, classifying land uses and distributing land development and utilization, protecting the tax base, securing economy in governmental expenditures, fostering the state's agricultural and other industries, and protecting both urban and nonurban development.
Since the conversion to condominiums of existing apartments and the conversion to timeshare units of existing condominium units does not substantially change the congestion or land use and is not detrimental to the tax bases, the intent of the legislature was that timeshare units and condominium conversion not be regulated by the counties and municipalities.
SUMMARY
Since the exemption in Senate bill 457 is the only exemption to the original definition, if there are ten units, the developer of a condominium conversion and/or time share units must register with the Real Estate Commission.
Very truly yours,
 J.D. MacFARLANE Attorney General
REAL ESTATE LAND DEVELOPMENT REAL ESTATE AGENTS, BROKERS, DEALERS AND SALESMEN
C.R.S. 1973, 12-61-401 et seq
REGULATORY AGENCIES, DEPT. Real Estate Commission
The conversion of apartments to ten or more condominiums sold as a residence, or the conversion of condominiums into ten or more timeshare estates sold as residences are subdivisions within the jurisdiction of the real estate commission.